### 21762

Richard N. GATES, on behalf of himself and all others similarly situated, Appellant, v. Grady A. WALLACE, Director of the South Carolina Probation, Parole and Pardon Board, and the South Carolina Probation, Parole and Pardon Board, Respondents.

(294 S. E. (2d) 41)

*Vance L. Cowden, Roy T. Stuckey, W. Lewis Burke* and *James J. McGovern,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Emmet H. Clair* and *Asst. Attys. Gen. William K. Moore* and *Larry L. Vanderbilt,* Columbia, *for respondents.*

July 20, 1982.

GREGORY, Justice:

Appellant brought this class action seeking declaratory judgment that when probation is revoked any portion of the original sentence which has been served must be credited toward parole eligibility. Both parties filed motions for summary judgment. The trial court granted summary judgment for respondents Grady Wallace, Director of the South Carolina Probation, Parole and Pardon Board, and the South Carolina Probation, Parole and Pardon Board. We affirm.

On February 26, 1968, appellant Richard N. Gates was convicted on three separate counts of armed robbery. He was sentenced to serve concurrent terms of twenty-five (25) years on each count, suspended on service of ten (10) years and five (5) years' probation. He subsequently received a one-year consecutive sentence for escape.

In August 1974, appellant was released on probation based on time served plus the statutory credits for good behavior. On October 17, 1974, appellant was convicted of a fourth armed robbery committed after his August release and sentenced to a twenty-five (25) year consecutive term. The trial judge also revoked the suspended portion of the original sentences "with defendant being given due credit for any portion of said sentence which has already been served . . . ."

On October 29, 1975, appellant received an additional six (6) year consecutive sentence for attempted escape, a fifth armed robbery, possession of contraband, and taking hostages.

The statutory scheme dictates that parole eligibility be computed from date of imposition of sentence. S. C. Code Ann. § 24-13-40(b) (1976) provides in pertinent part that when "the commencement of the service of the sentence follows the revocation of probation . . . the computation of the time served shall be reckoned from the date of the commencement of the sentence." Respondents maintain that when probation is revoked, this section requires that any previously suspended sentence be treated as a new sentence in computing parole eligibility. The trial judge agreed with respondents' statutory interpretation.

When appellant's probation was revoked, the original fifteen (15) year suspended sentence reinstated, and the twenty-five (25) year consecutive sentence imposed, appellant's sentence totalled forty (40) years. When the consecutive six years was added in 1975, appellant's total sentence was forty-six (46) years. Under Section 24-21-610(2) of the Code, appellant was required to serve at least ten (10) years as a prerequisite to parole eligibility. He contends that the six year and nine months he served from 1968 to 1974 should be credited toward that ten years, making him eligible for parole in 1978, rather than the 1984 dates computed by respondents. We disagree.

If parole eligibility was computed as appellant suggests, an anomalous situation would exist. The time served on a prior conviction would make repeat offenders such as appellant eligible for parole on subsequent convictions before a first offender would be eligible.

We have held that even where a prior conviction was invalidated, an individual is not entitled to credit against a subsequent sentence because "the availability of credit against sentences for future crimes after an individual has regained his freedom ... would provide a sense of immunity and an incentive to engage in criminal conduct." *Miller v. Cox*, 443 F. (2d) 1019 (4th Cir. 1971); *Campbell v. State*, 275 S. C. 249, 269 S. E. (2d) 344 (1980).

The same reasoning applies here, and we hold that the trial court correctly interpreted Section 24-13-40 of the Code by ruling that appellant is not entitled to credit toward computation of parole eligibility for time served prior to the revocation of the suspended sentence.

Accordingly, the judgment of the trial court is

Affirmed.

LEWIS, C. J., LITTLEJOHN, J., and JOSEPH R. MOSS, Acting Associate Justice, concur.

HARWELL, J., not participating.